Good morning. If I may, could I please reserve three minutes for rebuttal? Sure. Would you keep your voice up nice and loudly, please? I will. I apologize. If it pleases the Court, I'd like to address... Could we get your name for the record? Julie Bulbright here for petitioner. Thank you. I would like to address two issues raised by petitioner in light of some new case law. One is that he is not subject to the previous expedited removal order of April 29, 2000 as it was the result of a violation of his due process and constitutional rights, and therefore there is no valid underlying order to reinstate. And the second would be as a victim of domestic violence, which the government was well aware prior to the reinstatement of the order, the petitioner was entitled to a statutory exception, and the government should have considered his statements under 8 CFR 241A as he was entitled to protection under the Savings Clause of the INA as a domestic violence victim. Garcia de Rincon, which is a 2008 case from this Court, seems to me to state that the only possible reasons to alter an expedited removal order are the ones that are in the statute. There are three reasons. And this isn't one of those reasons. So what in the Violence Against Women Act, in your view, creates a new exception that would permit us to have jurisdiction over this case? Yes, Your Honor. So turning to the VAWA issue, under Section 212A 9C, it specifically provides a waiver. The Secretary of Homeland Security may waive the application of Clause 1 in the case of an alien who is a VAWA petitioner if there is a connection. And that specifically talks about reinstatement under when a ---- But does it deal with expedited removal orders? It does, Your Honor, if they have been removed under Section 235B1 or Section 240. So it deals with both. So let's say we have jurisdiction to review it. What then? Because we presented two arguments. So from what perspective, Your Honor? Well, I mean, on the merits, was he denied relief? Well, they reinstated the order. And our position would be that until the VAWA case is completely adjudicated, then they should have not reinstated the order, given that he was entitled to that exception. Well, I mean, he made his pitch about why he should get the relief, didn't he, at the agency? And that is currently pending before the district court. The government has continuously ignored his evidence that he has not been convicted of a crime, which was brought up briefly before this court prior. And the district court judge seemed very unimpressed that they ignored that in denying the VAWA application. I don't know where that's going, but that's still in process, and that was a big issue the other day at our trial setting conference. I guess what I'm getting at is, assuming we have jurisdiction, that's the point Judge Graber was worried about, but assuming we have jurisdiction, don't we then review whatever Homeland Security did for an abuse of discretion? And I would say, given not only the statutory scheme, the congressional intent, decisions under the BIA, under AMI, that that discretion is a heightened discretion for abuse victims, specifically because they went back and they revised the statute specifically to protect victims who were afraid to come forward, who might have been deported or had an issue criminally because of the statute in which there would be a waiver from this type of conduct. But he said, hey, I'm a victim of domestic violence. And the agency said, we don't think so, and that's, you're going back. Well, the agency didn't, they actually found that he was a victim of domestic violence. What? The agency in their decision found that he was a victim of domestic violence. They found that he had been convicted of a DV violation himself, and therefore denied it on grounds of good moral character. And why isn't that entitled to deference? Well, first of all, that's still being adjudicated because he is entitled to the agency review before the district court. And one of the issues that the district court brought up is that that statute specifically provides for extenuating circumstances when the conviction is related to the abuse itself. And given the widespread evidence from the doctor, the teacher, the family court, which ordered supervised visits for mom, given the numerous letters from her saying that she had made up the false allegations, and the fact that we went into court to have the conviction reversed, the district court did, at least in our initial conference, did not seem very persuaded by the fact that the government has refused to, in fact, acknowledge those extenuating circumstances. Anything else, Jenna? And outside of the jurisdiction under the VAWA situation, I believe the original order which was issued, I understand this court cannot adjudicate the reasonings behind that order, but they can, under several case law, have limited. In fact, this court in Smith just recently questioned whether, said that there was some sort of limited jurisdiction, and in footnote six, they said that they were reserving opinion for that. The third circuit has already found, which we cited in our brief under Ponce, that there is limited jurisdiction to review these, including conduct that occurred before. And the conduct that led to this removal order is very concerning. In fact, it has also been the subject of much litigation. In Lopez Menegas v. Johnson, which is a district court case, there was a large class action that this was very typical conduct in Southern California to either coerce voluntary departure orders, illegally send people out very quickly from Southern California into Mexico. And given that this is his statement and what had occurred from the very beginning, I believe, as this court found in Sodago-Diaz v. Gonzalez, that the fact that the government's conduct in illegally removing him cannot be a basis for reinstating the removal order. If I can, I would like to reserve the rest of the time. Sure. Thank you. Good morning. Good morning, Your Honors. May it please the Court, I'm Carmel Morgan, on behalf of the respondent, the U.S. Attorney General. The government asks that you dismiss the petition for review for lack of jurisdiction. The statutes and case law are quite clear that under the circumstances presented here, where a reinstatement order is before the court, under that vehicle, you can't go back and review the underlying order that has been reinstated, particularly so where that underlying order is an expedited removal order. Am I correct in recalling that the petitioner had not actually sought VAWA relief at the time of the reinstatement? That's correct, Your Honor. So perhaps the answer would be different if he had, but in this case at the time of the reinstatement he had not sought that relief. That indeed is the argument the government makes to the court, yes. I have a completely different question, which is whether in the government's view this is a case that would appropriately be subject to mediation. The case was, in fact, in mediation, and that was unsuccessful. Okay. Counsel, let me ask you a quick question. Are you done? I'm sorry. Yes. Okay. Counsel, opposing counsel argued to the court about the existence of this district court matter that's still pending. I don't know that you're involved in that. I'm not. In any event, were this court to dismiss this appeal, and what effect would let's say the counsel's client is successful at the district court, what would that effect have on his status? Yes. I should explain a little further. The waiver that's available, it's kind of a two-step process. You need to have the VAWA petition approved first, and at the present point in time the VAWA petition has been denied. But were petitioners successful in the district court action and the VAWA petition were approved, then there's a second consideration of the waiver. The waiver is not mandatory. Its language says may be waived. That could also be done, as I understand it, from outside the country. So if he were removed in the interim. He would still have some opportunity to pursue this matter. Absolutely. Yeah, okay. That's correct. What do you think about staying this proceedings until the district court proceedings wrap up? I would object to that, Your Honor, because of the strong language in both the reinstatement and expedited removal statutes. Again, he could certainly, if he were successful, be granted that waiver in the future. I think it's probably unlikely, given that, to my knowledge, the domestic violence conviction of his has not been vacated. As well, he's got multiple illegal reentries and at least one with a false document. And under those circumstances, I would be surprised if the waiver were granted. But it's possible. How long would it take, do you think, before we'd get a final resolution to that? I have no idea. I'm sorry. I don't do district court work. I'm not sure at what stage that's at. The VAWA petition actually was reopened and reconsidered once before. So this is the second denial of that petition. You had asked earlier, Judge Graber, or pointed out, the Garcia de Vincon case, which I think is quite on point, as well as Morales-Izquierdo. The law just seems quite clear that you can't go back in time, particularly for an expedited removal order. The conduct she's talking about, I agree, is quite concerning. But it happened well over a decade previously. And there's some pretty strong language in Morales about the underlying policy reasons why Congress doesn't want aliens to be able to collaterally attack an expedited removal order. Part of the policy is that you want to discourage self-help, and you don't want aliens who come back and enter without authorization to be in a better position to attack an order than an alien who lawfully remains outside of the country after being ordered removed. There are steps that the petitioner could have and probably should have taken to challenge the conduct that indeed is quite concerning, but that would have been at the time the conduct happened. For an expedited removal order, there's a 60-day window. As well, I admit some confusion, and perhaps the petitioner could clarify, but it seems to me the conduct that the petitioner is challenging isn't even related to the April 29, 2000, expedited removal order that's being reinstated. It appears to me that the order that's being reinstated had to do with an entry in Calexico, and that entry involved use of some type of false document. I think the conduct she's talking about had to have occurred prior to that. I also highly doubt it was an expedited removal order. It seems to me that it probably was a voluntary return, because I don't know why they would not have reinstated the prior order had there actually been one. But if there are no further questions, the government asks that you dismiss the petition for review for lack of jurisdiction. Thank you, Ms. Morgan. Ms. Goldberg, you have almost three minutes left. The first thing I want to clear up is the government has instructed this court that the vol relief was not filed prior to the institution of the reinstatement, and that's not entirely correct. First of all, he had come to my office. They take quite a while to prepare, so he had come to my office a month prior to being detained, and we were in the process of preparing it, and we submitted it immediately to the officer prior to them reinstating. In fact, we had originally petitioned to this court to stay a reinstatement, and in there it lists out all our requests for VAWA and the fact that it was, in fact, submitted to the officer, and this court dismissed it as premature because the order hadn't been reinstated. So I did want to make clear to the court that the fact that he made his VAWA request. The formal one filed in Vermont was after the reinstatement order, but the VAWA request was submitted to the officer. I apologize, Your Honor. It was literally done three days before our first petition, which was dismissed before this court as premature. We also listed out the fact that we had filed for VAWA request and submitted that to the officer in our premature petition, which was dismissed before this court for the specific reason that his reinstatement order had not or his deportation order had not been reinstated yet we were premature. What's your response to counsel's argument that this couldn't be relevant also because the April 29, 2000 expedited removal order was on the ground, quote, you presented a document not legally issued to you, end quote. So how would this possibly affect that? So there are two cases that this court has decided where the alien was improperly sent out, either taken out by ICE or forced to sign a voluntary departure. And then subsequently, in fact, one is the Sal Diago Diaz versus Gonzalez case. Specifically, ICE officers forced him to sign a voluntary departure, removed him out. He actually sought re-admission using a fake U.S. passport, which is the exact situation here. And this court found that because the government's misconduct, they are stopped from using that removal order, which was caused by their misconduct. And you're alleging that here as well? I am, Your Honor. Was that an expedited removal case? He was expedited removed, yes. Also, the other thing that I wanted to address is that I would be happy to stay these proceedings until we have some resolve in the district court. We have a trial date of October 2016, which is not that far away. Given how long we've waited in this case, it makes sense that fundamentally fair that he should have his judicial review. I see your time is up. Thank you. Thank you, Ms. Goldman. Ms. Morgan, thank you. The case disargued is submitted. Good morning.
judges: Silverman, Graber, Ezra